UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| LACEY CAFFEE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ACCELERATED GENETICS, NEBRASKA BULL SERVICE, A DIVISION OF ACCELERATED GENETICS,<br><br>　　　　　Defendants. | 3:16-CV-03046-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE |

Plaintiff Lacey Caffee (Caffee) sued Defendant Accelerated Genetics and Nebraska Bull Service, a division of Accelerated Genetics (Accelerated Genetics)[1] invoking 28 U.S.C. § 1332(a)(1), diversity of citizenship jurisdiction. Doc. 1 at ¶ 1. Caffee is a self-employed photographer living in Jerauld County, South Dakota. Doc. 1 at ¶ 3. Accelerated Genetics is a Wisconsin corporation with its principal place of business in Baraboo, Wisconsin. Doc. 1 at ¶ 4; Doc. 8 at ¶¶ 3–4. Caffee claims that she was injured on May 5, 2014, while photographing bulls at the Nebraska Bull Service division of Accelerated Genetics in or near McCook, Nebraska, Doc. 1 at ¶¶ 7–9, and brings a negligence claim seeking medical expenses, lost income, pain and suffering, loss of enjoyment of life, and other damages, Doc. 1 at ¶¶ 11–21.

On January 25, 2017, Accelerated Genetics filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), a brief in support of the motion, and

---

[1] The proper name of this entity appears to the Tri-State Breeders Cooperative, d/b/a Accelerated Genetics, a Wisconsin Domestic corporation. Doc. 8 at ¶ 3.

1

an affidavit of Don Trimmer, a vice president of a division of Accelerated Genetics. Docs. 6, 7, 8. Under Civil Local Rule 7.1.B, Caffee had "21 calendar days after service of [Accelerated Genetics' motion papers by which Caffee] must serve and file a responsive brief containing opposing arguments and authorities in support thereof." D.S.D. Civ. LR 7.1.B. Caffee has not opposed the motion to dismiss or filed anything since the day her complaint was filed.

Accelerated Genetics seeks dismissal based on a lack of personal jurisdiction over it in South Dakota. As mentioned, Accelerated Genetics submitted an affidavit to provide the facts on which it relies in arguing an absence of personal jurisdiction. When, as here, a "court limits its review of a Rule 12(b)(2) motion solely to affidavits and other written evidence, the plaintiff 'need only make a prima facie showing of [personal] jurisdiction.'" Hylland v. Flaum, No. 16-CV-4060-RAL, 2016 WL 6901267, at *2 (D.S.D. Nov. 22, 2016) (quoting Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991)) (alteration in original). "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." K-V Pharm. Co. v. J Uriach & CIA, S.A., 648 F.3d 588, 592 (8th Cir. 2011) (internal quotation marks and citations omitted). On such a motion this Court construes the evidence the parties submitted in the light most favorable to the party asserting jurisdiction and resolves all factual disputes in her favor. Id.; Hylland, 2016 WL 6901267, at *2. Because the affidavit of Don Trimmer is uncontroverted, this Court is left with taking the facts relevant to this motion from that affidavit and from the complaint itself.

Tri-State Breeders Cooperative, d/b/a Accelerated Genetics is a Wisconsin corporation with its headquarters and principal place of business in Baraboo, Wisconsin. Doc. 8 at ¶¶ 3–4. Accelerated Genetics' business model focuses on purchasing bulls, collecting semen, and

marketing it for sale to ranchers, farmers, and dairy producers to inseminate their cows. Doc. 8 at ¶ 5. Accelerated Genetics uses independent contractors to sell bull semen for them throughout the world, including in the state of South Dakota. Doc. 8 at ¶ 8. However, Accelerated Genetics does not have offices, employees, or bank accounts in South Dakota. Doc. 8 at ¶ 6. Nor does Accelerated Genetics design or manufacture any products in South Dakota. Doc. 8 at ¶ 7. Nebraska Bull Service is a division of Accelerated Genetics, which collects, stores, and ships bull semen along with housing bulls. Doc. 8 at ¶ 9. The Nebraska Bull Service division of Accelerated Genetics is located in McCook, Nebraska. Doc. 8 at ¶ 10. The Nebraska Bull Service houses bulls for producers from South Dakota and ships semen to breeders residing in South Dakota. Doc. 8 at ¶ 11. However, the Nebraska Bull Service conducts no other business in South Dakota. Doc. 8 at ¶ 11.

This lawsuit stems from a contract between Accelerated Genetics and Caffee, who is a photographer based out of Jerauld County, South Dakota. Doc. 1 at ¶¶ 3, 7. Don Trimmer, the vice president of the beef program with Accelerated Genetics, called Caffee and asked if she would come to McCook, Nebraska and photograph approximately 20 bulls. Caffee agreed to do so and indicated that she would charge $250 per bull plus her travel expenses and hotel. Doc. 8 at ¶¶ 2, 12. There was no written agreement and the deal was made entirely over the phone. Doc. 8 at ¶ 12. On May 5, 2014, the Plaintiff arrived in McCook, Nebraska, and was injured in the process of taking photographs of the bulls. Doc. 8 at ¶ 13. Her lawsuit arises out of the injuries. Doc. 1.

A federal court sitting in diversity may exercise jurisdiction over nonresident defendants only if both the forum state's long-arm statute and the Fourteenth Amendment's Due Process Clause are satisfied. Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991). Because

3

South Dakota's long-arm statute confers jurisdiction to the full extent permissible under the Due Process Clause, the question here is whether asserting personal jurisdiction over Accelerated Genetics comports with due process. Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994) (applying South Dakota law).

Personal jurisdiction under the Due Process Clause may be either general or specific. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924–25 (2011). Courts with general jurisdiction over a defendant may hear "any and all claims" against the defendant, even if those claims are unrelated to the defendant's contacts with the forum state. Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (quoting Goodyear, 564 U.S. at 919). With respect to a corporation, its place of incorporation and principal place of business are two places where it typically can be found for personal jurisdictional purposes. Daimler AG, 134 S. Ct. at 760. Otherwise, for general jurisdiction to exist, the defendant's contacts with the forum state must be "so 'continuous and systematic'" that the defendant is "essentially at home" there. Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)).

No general jurisdiction exists over Accelerated Genetics in South Dakota. Accelerated Genetics has no offices, employees, or bank accounts in South Dakota, nor does it manufacture or design any product in South Dakota. The Nebraska Bull Service division of Accelerated Genetics does some sales in South Dakota, but these appear to be insufficient to justify general jurisdiction under the circumstances. See Kimball v. Countrywide Merchant Servs., No. CIV.A.04-3466, 2005 WL 318752, at *3–4 (E.D. Pa. Feb. 8, 2005) (no general jurisdiction where defendants had made some sales to forum state, but had no employees or property in the forum state); Collegesource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1074–75 (9th Cir. 2011)

4

(general jurisdiction inappropriate when contacts with state are sporadic and business has no offices, no staff, and is not registered to do business in forum state).

Specific jurisdiction, by contrast, may be based on a defendant's solitary or irregular contact with the forum state. Daimler AG, 134 S. Ct. at 754. Unlike general jurisdiction, however, specific jurisdiction is limited to suits arising out of or relating to the defendant's contact with the forum state. Goodyear, 564 U.S. at 919. Courts may exercise specific jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts" with the state such that having to defend a lawsuit there "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316 (quotation omitted). These minimum contacts must be based on "some act by which the defendant purposefully avails" himself of the forum state "such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–75 (1985) (quotations omitted). It is the defendant, rather than the plaintiff or a third party, who must establish the minimum contacts in the forum state. Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014). Moreover, the defendant's contacts must be "with the forum State itself, not . . . with persons who reside there." Id.; see also id. at 1123 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." (quoting Burger King, 471 U.S. at 475)).

Under Eighth Circuit precedent, five factors guide evaluating whether the constitutional requirements for personal jurisdiction have been met: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents;

5

and (5) the convenience of the parties." Digi-Tel Holdings, Inc. v. Proteq Telecomms, (PTE), Ltd., 89 F.3d 519, 522–23 (8th Cir. 1996) (footnote omitted). The first three factors are the most important while the last two are merely secondary. Id. at 523.

Accelerated Genetics could be subject to personal jurisdiction under the precepts of specific jurisdiction if, for example, this suit arose out of its Nebraska Bull Service division's marketing or sales in South Dakota. But that is not what this case concerns. Rather, an Accelerated Genetics employee contacted a South Dakota photographer to hire her to take photographs of bulls in McCook, Nebraska. The service and work was to be performed entirely in Nebraska. No Accelerated Genetics employee or representative traveled to South Dakota and only a single call was made to the state. The negligence is alleged to have occurred entirely in McCook, Nebraska, Doc. 1 at ¶¶ 12–13, and likewise the injury occurred in McCook, Nebraska, Doc. 1 at ¶ 9.

Under the five factors, Accelerated Genetics had only one relevant contact with South Dakota in the form of a phone call, and the nature and quality of the contacts are thus very limited. The cause of action is for negligence, which is alleged to have occurred entirely in Nebraska, unconnected to any behavior or activity of Accelerated Genetics within South Dakota. Although South Dakota has an interest in providing a forum to its residents, the convenience-of-the-parties factor favors litigation in Nebraska where the incident occurred and presumably all eye witnesses other than Caffee herself reside.

Therefore, it is hereby

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), Doc. 6, will be granted without prejudice to refiling in Nebraska, but the Court will hold off on entering judgment for 14 calendar days to allow Caffee's counsel

either to negotiate a stipulation to change venue and transfer to the District of Nebraska or to move for such a venue change and transfer.

DATED this 22nd day of March, 2017.

                    BY THE COURT:

                    ROBERTO A. LANGE
                    UNITED STATES DISTRICT JUDGE